FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 JAN 14 A 9 05
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAEQUAN S. MALONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-099 |
| ) | (Formerly CR 112-064) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion. (Doc. no. 3.) Petitioner filed in response a motion, entitled a motion to dismiss, as well as a motion to strike. (Doc. nos. 5, 8.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, Petitioner's motion to dismiss and motion to strike be **DENIED**, the instant § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

### I. BACKGROUND

On February 10, 2012, Petitioner was indicted on one count of conspiracy to commit fraud and related activity in connection with access devices in violation of 18 U.S.C. §§ 371 & 1029(b)(2), one count of possession of access device-making equipment in violation of 18 U.S.C. § 1029(a)(4), one count of possession of unauthorized access

devices in violation of 18 U.S.C. § 1029(a)(3), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).[1] United States v. Malone, CR 112-064, doc. no. 1 (S.D. Ga. Feb. 10, 2012) (hereinafter "CR 112-064"). Petitioner's jury trial was scheduled for June 25, 2012. (Id., doc. no. 43.) On June 13, 2012, through his court appointed counsel, Christopher Scott Connell, Petitioner filed a motion for a continuance. (Id., doc. no. 45.) United States District Judge J. Randal Hall granted the motion, giving Petitioner and his counsel additional time to evaluate a proposed plea agreement and prepare for trial. (Id., doc. no. 47.)

On August 2, 2012, Petitioner pleaded guilty to one count of conspiracy in violation of 18 U.S.C. §§ 371 & 1029(b)(2), and he agreed to forfeit property as listed in the plea agreement. (Id., doc. nos. 54, 55.) Petitioner's written plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id., doc. no. 55, pp. 8-9.) In addition, by signing the plea agreement, Petitioner attested that he had read and understood the plea agreement and that it accurately set forth the terms and conditions of his agreement with the government. (Id. at 14.)

During the change of plea hearing, Judge Hall reviewed the counts in the

---

[1] The indictment also contained a forfeiture allegation. Id.

2

indictment. (Id., doc. no. 79, pp. 4-9.) Petitioner testified under oath that he understood what he was being charged with, had reviewed the indictment with his attorney, and had as much time to speak with his attorney about the charges as he wanted. (Id. at 9.) Petitioner also testified that he was satisfied with the assistance he had received from his attorney. (Id. at 11.)

Judge Hall next explained the rights Petitioner would waive by pleading guilty, and Petitioner affirmed he understood those rights. (Id. at 11-13.) Petitioner further testified that he had read and discussed the plea agreement with his attorney before he signed it, and that he understood he was agreeing that the facts contained in the agreement were true. (Id. at 13-14.) In addition, Judge Hall reviewed the appeal and collateral attack waiver as follows:

> And I also note Mr. Malone that by signing this plea agreement that you have agreed to waive or give up your right to appeal your conviction and sentence both directly and indirectly in a post-conviction proceeding on any ground; however, you may file a direct appeal of your sentence if it exceeds the statutory maximum. You may file a direct appeal of your sentence if your sentence exceeds the sentence guideline range that is deemed to be applicable to your case. And finally, if the Government should appeal your sentence, you would also have the right to file a direct appeal. Unless one of these three events occurs, then you have by signing this plea agreement waived or given up your rights to appeal. Do you understand everything that I have just discussed with you?

(Id. at 15-16.) Petitioner answered, "Yes, sir." (Id. at 16.) Judge Hall then asked Petitioner, "Is that what you agreed to?" (Id.) Again, Petitioner answered "Yes, sir." (Id.) Petitioner also affirmed that, other than the promises the government made in the plea agreement, no one had made him any promises in order to get him to plead guilty, nor had he been forced, threatened, or pressured to do so. (Id. at 4, 16.)

3

Judge Hall then stated the statutory maximum penalties for the crime to which Petitioner was pleading guilty, which were seven and a half years imprisonment, a fine of up to $250,000, up to three years of supervised release and a $100 special assessment. (Id. at 16-17.) Petitioner affirmed that he understood such penalties. (Id.) Judge Hall explained the applicability and advisory nature of the United States Sentencing Guidelines ("U.S.S.G."), and that a probation officer would prepare a Presentence Investigation Report ("PSI"), which Judge Hall would rely upon to determine Petitioner's sentence. (Id. at 18-19.) In response to a question asked by Judge Hall, Petitioner affirmed that no one had made any promise, prediction, or prophecy that he would receive a specific sentence. (Id. at 20.)

Next, Judge Hall reviewed the elements of the conspiracy charge in Count One of the indictment and explained that the government would have to prove those elements beyond a reasonable doubt to obtain a conviction. (Id.) When asked by Judge Hall if he admitted that his conduct satisfied such elements, Petitioner responded "Yes, sir." (Id. at 21.) Following the government's presentation of a factual basis for the guilty plea, Petitioner admitted the facts provided therein, including the information set forth in Count One of the indictment. (Id. at 27.) Judge Hall asked if Petitioner still wanted to plead guilty to Count One, to which he responded, "Yes, sir." (Id.) Judge Hall then asked if he was pleading guilty because he was, in fact, guilty of the crime charged in Count One, to which Petitioner responded, "Yes, sir." (Id.) Thus, Judge Hall found that Petitioner was competent, that he fully understood the charges against him, and that his decision to plead guilty was knowing, voluntary, "and not the result of any force,

pressure, threats, or promises other than the promises made by the Government in the plea agreement." (Id. at 27-28.) Accordingly, Judge Hall found Petitioner guilty of conspiracy. (Id. at 28.)

At sentencing, Judge Hall found that Petitioner's total offense level was 23, which included a full three point reduction for acceptance of responsibility, and his criminal history category was I, both of which findings were consistent with the PSI, to which neither party objected. (Id., doc. no. 76, pp. 4-5.). These findings resulted in an advisory Sentencing Guidelines range of 46 to 57 months of imprisonment, one to three years of supervised release, a $10,000 to $100,000 fine, restitution in the amount of $7,617.35, and a $100 special assessment. PSI ¶¶ 54, 57, 61-62, 65. Judge Hall sentenced Petitioner to a 48-month term of imprisonment, three years of supervised release, restitution in the amount of $7,617.35, and a $100 special assessment. (CR 112-064, doc. nos. 75, 76.) Judge Hall also reiterated at the sentencing hearing that Petitioner had waived the right to appeal or attack the sentence in any post-conviction proceeding. (Id., doc. no. 76, p. 22.)

Petitioner then timely filed the instant § 2255 motion, raising four grounds for relief. (Doc. no. 1.) In Ground One, Petitioner claims he received ineffective assistance of counsel at sentencing because his attorney failed to advise him of or challenge the fact that he was receiving a two-point enhancement of his offense level based on his co-defendant's weapon. (Id. at 4.) In Ground Two, Petitioner argues that his guilty plea was not knowing and voluntary because he did not understand the nature of the charge to which he pled guilty, and because his counsel, the prosecution, and Judge Hall all failed to advise him of the nature of such charge. (Id.) In Grounds Three and Four, Petitioner

5

claims that his imprisonment under 18 U.S.C. §§ 371 & 1029(b)(2) violates the Guarantee Clause and the Tenth Amendment of the United States Constitution, because those statutes are only applicable in the District of Columbia. (Id. at 4-5, 7) Furthermore, Petitioner argues in Grounds Three and Four that the District Court lacked jurisdiction to convict him, and that the two-point enhancement based on his co-defendant's weapon was illegal. (Id.)

After Respondent filed its motion to dismiss, Petitioner filed a motion, entitled a motion to dismiss, in which he restates his arguments in Grounds Two, Three, and Four of his § 2255 petition and again requests release from incarceration. (Doc. no. 5.) Petitioner then filed a response and motion to strike as to Respondent's motion to dismiss, in which he again restates his arguments in Grounds Three and Four of the § 2255 motion and requests an evidentiary hearing. (Doc. nos. 7, 8.) Because Petitioner's filings were made while he was proceeding *pro se*, the Court liberally construes them as his opposition to Respondent's motion to dismiss.[2] Respondent contends that Petitioner's § 2255 motion should be dismissed because Petitioner's claims are barred by the collateral attack waiver set forth in the plea agreement, and by Petitioner's knowing and voluntary guilty plea. (Doc. no. 3.)

II. DISCUSSION

A. An Evidentiary Hearing is Unnecessary in this Case.

In regard to Petitioner's request for an evidentiary hearing, "A hearing is not

---

[2] Since Petitioner filed his responses in opposition, attorney Michael A. Battle was granted leave to appear *pro hac vice* on behalf of Petitioner. (Doc. no. 88.) However, Mr. Battle did not file any additional response to the instant motion to dismiss.

required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting omitted). An evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C.A. § 2255(b). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts only conclusory allegations. Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that petitioner is not entitled to an evidentiary hearing if his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible"). With regard to ineffective assistance claims, the Eleventh Circuit has recognized that an evidentiary hearing "is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. As described in detail below, Petitioner's claims are clearly barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record. Thus, an evidentiary hearing is unnecessary in this case, and Petitioner's request for one should be denied.

>    **B.   By Knowingly and Voluntarily Agreeing to the Collateral Attack Waiver, Petitioner Waived His Claims in Grounds One, Three, and Four of His Motion, but not his Claim in Ground Two.**

Grounds One, Three, and Four of the instant motion are precluded by the waiver

provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence. It is well settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Grounds One, Three, and Four in Petitioner's § 2255 motion are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has demonstrated the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence or the knowing and voluntary nature of his guilty plea. (See CR 112-064, doc. no. 55, pp. 8-9 ("[T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding . . . .").) Furthermore, Judge Hall thoroughly went over

Petitioner's plea agreement during the plea colloquy, specifically reviewing the waiver provision. (Id., doc. no. 79, pp. 13-16.) After Judge Hall concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Hall. (Id.) Therefore, the record before the Court shows that Judge Hall specifically questioned Petitioner about the waiver provision, and that Petitioner fully understood its significance such that the collateral attack waiver was knowing and voluntary. Weaver, 275 F.3d at 1333. While Petitioner would have the Court ignore his responses to Judge Hall's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Certain ineffective assistance of counsel claims can survive a valid collateral attack waiver, but "only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)). Here, in Ground One, Petitioner claims his counsel failed to advise him of or challenge the fact that he was receiving a two-point enhancement based on a weapon in possession of his co-defendant. Thus, Ground One challenges assistance provided at sentencing and is not related to the validity of Petitioner's waiver or plea. See Williams, 396 F.3d at 1342 n.2.

To the extent Petitioner claims his counsel provided ineffective assistance in Grounds Three and Four, such claims are also barred. In Grounds Three and Four, Petitioner primarily argues that the statutes under which he was convicted are

unconstitutional as applied to him, and that a two-point enhancement at sentencing was illegal. However, Petitioner also asserts in conclusory fashion that his entire prosecution was a conspiracy and a sham, and that his attorney failed to provide a defense. (See doc. no. 1, pp. 4-5, 7.) Nonetheless, these allegations, even if interpreted as ineffective assistance of counsel claims, do not call into question the knowing and voluntary character of Petitioner's plea or the validity of the waiver provision therein. Because Petitioner's claims in Grounds One, Three, and Four do not call into question the validity of his guilty plea or the collateral attack waiver, they are barred by the collateral attack waiver. See Williams, 396 F.3d at 1342 n.2. Indeed, as discussed below, Petitioner's guilty plea was both knowing and voluntary. Therefore, Respondent's motion to dismiss should be granted as to Grounds One, Three, and Four of the § 2255 motion, and Petitioner's motion to dismiss and motion to strike should be denied.

### C. Petitioner's Guilty Plea Was Knowing and Voluntary.

The only claim that could survive the collateral attack waiver is Ground Two, in which Petitioner challenges the validity of his guilty plea itself, alleging it was not knowing and voluntary because he did not understand the charge to which he was pleading, and because his counsel, the prosecution, and Judge Hall all failed to advise him of the nature of the such charge. (Doc. no. 1, p. 4.)

#### 1. Standard for Enforceability of Guilty Pleas.

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. United States v.

Broce, 488 U.S. 563, 574 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows:

> "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights." A plea of guilty "cannot support a judgment of guilt unless it was voluntary in a constitutional sense." Aside from the obvious involuntariness of a coerced plea, the Supreme Court has identified two other ways that a defendant's guilty plea may be involuntary in a constitutional sense:
>
>> A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.
>
> As the Supreme Court has plainly instructed, the voluntariness requirement is not satisfied unless the defendant receives real notice of the true nature of the charged crime: "Clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"

United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997) (internal citations omitted). The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea."

United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (quotation omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error, he would not have entered the plea." Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

### 2. Petitioner's Claim in Ground Two is Without Merit.

Here, the extensive plea colloquy conducted by Judge Hall addresses each of the aforementioned "core principles." Moriarty, 429 F.3d at 1019. Judge Hall informed Petitioner in clear terms of the charge to which he was pleading guilty, as well as the maximum penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified that he understood the charge and the maximum penalties. (CR 112-064, doc. no. 79, pp. 4-9, 16-17, 20-21.) Petitioner also testified that his conduct would satisfy the elements of the crime to which he was pleading guilty, and he admitted to the facts stated in the government's factual basis and the indictment. (Id. at 21, 27.) Judge Hall also provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights. (Id. at 11-16.) Petitioner testified that no one had made him any promises to get him to plead guilty, nor had anyone forced, threatened, or pressured him to do so. (Id. at 4, 16, 20.) Thus, Judge Hall's thorough plea colloquy ensured that Petitioner understood both the nature of the charge and the consequences of his guilty plea, and that Petitioner was not coerced into pleading guilty. See Moriarty, 429 F.3d at 1019.

As such, Petitioner's arguments that he did not understand the charge being brought against him, and that no one advised him as to the nature of such charge, are contradicted by his own testimony at the plea hearing. As noted above, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74; see also United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.") Judge Hall clearly advised Petitioner as to the nature of the charge to which he was pleading guilty, and Petitioner testified that he understood the nature of such charge and its elements. Thus, given his former sworn testimony, Petitioner cannot now claim that he was not advised as to the nature of the charge or that his plea was invalid. Accordingly, the Court finds that the record is clear as to the knowing and voluntary entry of Petitioner's guilty plea, and that Ground Two of Petitioner's motion is therefore barred.

### 3. Petitioner's Purported Jurisdictional Challenge Also Fails.

A voluntary, unconditional guilty plea, such as Petitioner's, waives all non-jurisdictional challenges to the underlying conviction. United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003); see also Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (*per curiam*). Here, Petitioner states in conclusory fashion that 18 U.S.C. § 371 does not apply in Georgia, but instead only applies in the District of Columbia. (Doc. no. 1, pp. 5, 7.) However, Petitioner provides no support for this assertion, nor does the statute contain any geographical limitation to its applicability. See 28 U.S.C. §

371. Petitioner also claims the Court lacked jurisdiction under § 371 because he did not commit the offense conduct as stated therein, directly contradicting his sworn testimony at the guilty plea hearing. See supra Part II.C.2. However, this argument does not raise a jurisdictional claim and is thus barred by the valid guilty plea. Id. In sum, Petitioner's purported challenge of the Court's jurisdiction to convict him is conclusory and without merit, and Petitioner merely seeks thereby to avoid the consequences of his guilty plea. Therefore, Petitioner's attempt to cast his argument as jurisdictional in nature fails, and his motion is barred as stated above. See supra Parts II.B & C.

## III. CONCLUSION

In sum, Grounds One, Three, and Four of Petitioner's § 2255 motion are foreclosed by the collateral attack waiver contained in Petitioner's written plea agreement, and Ground Two is without merit because Petitioner's guilty plea was knowing and voluntary. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's motion to dismiss and motion to strike be **DENIED** (doc. nos. 5, 8), the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of January, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

14